IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID GILLICK, BRADLEY GRANT,** ) | | |
| **ROBERT BIEG, JR., TERRY BRIGGS,** ) | | |
| **COREY BLACK, and MICHAEL LUTZ** ) | | |
| ) | | |
| *As Employer Trustees of the* ) | | |
| *Construction Laborers Welfare Trust of Greater* ) | | |
| *St. Louis,* ) | | |
| ) | | |
| Plaintiffs, ) | Case No.: | 19-cv-3094 |
| ) | | |
| and ) | | |
| ) | | |
| **GARY ELLIOTT, BRANDON FLINN,** ) | | |
| **MATTHEW ANDREWS,** ) | | |
| **RICHARD McLAUGHLIN, DON WILLEY** ) | | |
| **and STEVE MACDONALD,** ) | | |
| ) | | |
| *As Union Trustees of the* ) | | |
| *Construction Laborers Welfare Trust of Greater* ) | | |
| *St. Louis,* ) | | |
| ) | | |
| Defendants. ) | | |

**COMPLAINT**

COMES NOW Dave Gillick, Bradley Grant, Robert Bieg, Jr., Terry Briggs, Corey Black, and Michael Lutz, as Employer Trustees of the Construction Laborers Welfare Trust of Greater St. Louis, (hereinafter, the "Plaintiffs"), by and through undersigned Counsel, bring this Complaint against Defendants Gary Elliott, Brandon Flinn, Matthew Andrews, Richard McLaughlin, Don Willey and Steve Macdonald (hereinafter, the "Defendants") as Union Trustees of the Construction Laborers Welfare Trust of Greater St. Louis, and bring the following claims for relief.

1. Jurisdiction is proper in this Court under 29 U.S.C. § 186(c) because this action requests appointment by this Court of an impartial umpire to decide a deadlock of the Trustees on the administration of a plan established and administered under the Labor Management Relations

Act (29 U.S.C. § 186(c)(6)), under 28 U.S.C. § 1337 because this is an action or proceeding arising under an Act of Congress regulating commerce, and because the Trust provides for jurisdiction in this Court.

2. Venue is proper in the Eastern District of Missouri because one or more Plaintiffs reside within the Eastern District of Missouri, one or more Defendants reside within the Eastern District of Missouri, the Construction Laborers Welfare Trust of Greater St. Louis ("Trust") maintains its principal office and is administered in St. Louis Missouri, the conflict arose in St., Louis Missouri, the documents governing the Trust provide for venue within the Eastern District of Missouri and the appointment of an arbitrator by this Court.

3. Plaintiffs act as Trustees of the Trust representing the employers contributing to the Trust.

4. Defendants act as Trustees of the Trust representing labor organizations whose members are beneficiaries of the Trust.

5. The Trust is governed by the terms of the Restated Agreement and Declaration of Trust of Greater St. Louis Construction Laborers Welfare Trust (the "Trust Agreement").

6. Article VIII of the Trust Agreement provides, in pertinent part:

> Section 8.01.  In the event that the Trustees deadlock on any matter arising in connection with the administration of the Plan, or on any matter within their jurisdiction under the terms hereof, they shall agree upon a neutral person to serve as an impartial umpire to decide the dispute.  The Employer Trustees and the Union Trustees shall select an equal number of representatives from their respective groups to sit with the umpire to constitute a Board of Arbitration.  The decision of a majority of this Board of Arbitration shall be final and binding upon the Trustees and the parties and beneficiaries of the Plan.  The decision of the Board of Arbitration shall be final and binding in all respects and upon all parties but the Board shall be bound by the provisions of the Plan and shall have no authority to alter or amend the terms thereof.

> Section 8.02. If the parties are unable to agree upon an impartial umpire under the circumstances and in the manner last above provided, then, in such event, the impartial umpire shall be designated upon the request of any Trustee by the Chief Judge of the United States District Court for the Eastern District of Missouri, Eastern Division.

7. At the May 15, 2019 meeting of the Trustees of the Trust, the following motion was made:

> I move that the reasonable and customary fees for counsel retained by either Management or Labor Trustees selected by each group of trustees to assist such Trustees in carrying out any responsibilities which they have under ERISA or the trust instrument shall be paid by the Trust, as provided in Article VI of the Trust agreement.

8. When called for a vote on the motion, all Employer Trustees present voted in favor of the motion and all Union Trustees present voted against the motion.

9. The Employer Trustees and Union Trustees agree that a deadlock has occurred, and to the appointment of an impartial umpire to decide the deadlock, but cannot agree upon the impartial umpire to hear the dispute.

10. Pursuant to the Trust Agreement, this matter is now before this Court.

11. All conditions precedent to granting the relief requested have been met.

WHEREFORE, Plaintiffs pray that the Court to appoint an impartial umpire to resolve the deadlock, and to provide such other legal and equitable relief as the Court may deem appropriate, including, without limitation, Plaintiffs' attorneys' fees and costs in pursuing this action.

Respectfully submitted,

McMAHON BERGER, P.C.

*/s/ Rex P. Fennessey*
Rex P. Fennessey, ARN 58925MO
2730 North Ballas Road, Suite 200
St. Louis, MO 63131-3039
(314) 567-7350 - Telephone
(314) 567-5968 – Facsimile

*Attorneys for Employer Trustees of the Construction Laborers Welfare Trust of Greater St. Louis*