UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID GILLICK, et al., ) | |
| ) | |
| As Employer Trustees of the Construction ) | |
| Laborers Welfare Trust of Greater St. Louis, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:19CV3094 JCH |
| ) | |
| GARY ELLIOTT, et al., ) | |
| ) | |
| As Union Trustees of the Construction ) | |
| Laborers Welfare Trust of Greater St. Louis, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, filed December 30, 2019. (ECF No. 26). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiffs in this matter act as Trustees of the Construction Laborers Welfare Trust of Greater St. Louis (the "Trust"), representing the employers contributing to the Trust. (Compl., ¶¶ 2, 3). Defendants also act as Trustees of the Trust, representing labor organizations whose members are beneficiaries of the Trust. (*Id.*, ¶ 4). The Trust is governed by the terms of the Restated Agreement and Declaration of Trust of Greater St. Louis Construction Laborers Welfare Trust (the "Trust Agreement"). (*Id.*, ¶ 5). In relevant part, the Trust Agreement provides as follows:

---

[1] The Court's background section is taken from Plaintiffs' Complaint, to which Defendants have not yet filed an answer.

Section 2.01.  This Trust shall be established, maintained and administered for the purpose of providing for qualified employees, their families and dependents medical or hospital care, compensation for injuries or illness resulting from occupational activity, life insurance, disability and sickness insurance, or accident insurance, (through group policies issued by insurance carriers or through self-insurance), and such other benefits (other than pensions on retirement or death of employees) as are authorized by Section 302 of the Labor-Management Relations Act of 1947, as presently amended or as it may hereafter be amended, all as the Trustees may, in their discretion, establish and provide.

Section 2.02.  This Trust shall be administered in a manner or manners which shall comply with the applicable provisions of Section 302 of the Labor-Management Relations Act of 1947, as amended or as it shall be hereafter amended, as well as with the provisions of the Employee Retirement Income Security Act of 1974, (hereafter called "ERISA") including any amendments thereto which have been made or which shall hereafter be made….

Section 3.03.  Anything contained in this Trust Agreement to the contrary notwithstanding, no part of the corpus or income of the Trust Fund shall be used or diverted for purposes other than for the exclusive benefit of participating Employees, retired employees, or their beneficiaries or to pay reasonable administrative expenses of the Trust.

Section 4.01.  The power, authority and duty to manage, maintain and control this Trust and the assets thereof, as well as to formulate and administer its employee benefit plan or plans thereunder, shall be vested in a Board of Trustees (sometimes collectively called the "Trustees" herein)…

Section 4.02.  The Board of Trustees shall consist of twelve (12) natural persons. Six of such Trustees shall be designated by the Union and represent employees, to sit and serve as Trustees, being hereafter referred to for purposes of convenience as the "Union Trustees", and the other six shall be designated by the Associations and represent contributing Employers to act and serve as Trustees, being hereafter referred to for purposes of convenience as the "Employer Trustees."….

Section 6.15.  In addition to the duties, authority, and responsibilities imposed upon or given to the Trustees elsewhere in this Trust Agreement, said Trustees shall have the authority by motion or resolution, duly adopted at a meeting thereof in accordance with this Trust Agreement, to:

> Allocate to one or more of said Trustees specific trustee responsibilities, obligations or duties, as well as designated fiduciary responsibilities other than trustee responsibilities….

> Employ or contract with consultants, attorneys, brokers, accountants, insurance carriers, actuaries, custodians and other persons to render advice, make reports, or assist in carrying out any responsibility which the Trustees have under ERISA or this trust instrument, and to compensate them therefor out of the assets of the Trust or Fund….

> Section 8.01. In the event that the Trustees deadlock on any matter arising in connection with the administration of the Plan, or on any matter within their jurisdiction under the terms hereof, they shall agree upon a neutral person to serve as an impartial umpire to decide the dispute. The Employer Trustees and the Union Trustees shall select an equal number of representatives from their respective groups to sit with the umpire to constitute a Board of Arbitration. The decision of a majority of this Board of Arbitration shall be final and binding upon the Trustees and the parties and beneficiaries of the Plan. The decision of the Board of Arbitration shall be final and binding in all respects and upon all parties but the Board shall be bound by the provisions of the Plan and shall have no authority to alter or amend the terms thereof.

> Section 8.02. If the parties are unable to agree upon an impartial umpire under the circumstances and in the manner last above provided, then, in such event, the impartial umpire shall be designated upon the request of any Trustee by the Chief Judge of the United States District Court for the Eastern District of Missouri, Eastern Division.

(*See* Trust Agreement, attached as Exh. A to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Opp."), PP. 2, 4-5, 16-17, 20).

During the May 15, 2019, meeting of the Trustees, Employer Trustee Terry Briggs made the following motion:

> I move that the reasonable and customary fees for counsel retained by either Management or Labor Trustees selected by each group of trustees to assist such Trustees in carrying out any responsibilities which they have under ERISA or the trust instrument shall be paid by the Trust, as provided in Article VI of the Trust Agreement.

(Compl., ¶ 7; Defendants' Memorandum in Support of Motion to Dismiss ("Defendants' Memo in Support"), P. 2). When a vote on the motion was called, all Employer Trustees present voted in favor of the motion, and all Union Trustees present voted against the motion. (Compl., ¶ 8).

In their Complaint in this matter, filed November 13, 2019, Plaintiffs request that this Court appoint an impartial umpire to resolve the deadlock. As noted above, Defendants filed the instant Motion to Dismiss on December 30, 2019, asserting that because the deadlocked motion seeks to eliminate the "equal representation" rule of Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c), it is not an "ordinary" dispute over plan administration, but rather an "extraordinary" dispute which is not arbitrable under LMRA Section 302(c)(5). (ECF No. 26).

## **DISCUSSION**

Section 302(a) of the LMRA generally prohibits an employer from making payments to any representative of his employees or any labor organization (or officer or employee thereof) which represents said employees. *See* 29 U.S.C. § 186(a). Section 302(c) provides exceptions to this prohibition, however. *See* 29 U.S.C. § 186(c). As relevant here, § 302(c)(5) allows an employer to contribute to a trust fund established by a representative of its employees, provided that the funds are used only for specified benefits for employees and their dependents, and that

> the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such fund, together with such neutral persons as the representatives of the employers and the representatives of employees may agree upon and in the event the employer and employee groups deadlock on the administration of such fund and there are no neutral persons empowered to break such deadlock, such agreement provides that the two groups shall agree on an impartial umpire to decide such dispute, or in event of their failure to agree within a reasonable length of time, an impartial umpire to decide such dispute shall, on petition of either group, be appointed by the district court of the United States for the district where the trust fund has its principal office…

*See* 29 U.S.C. § 186(c)(5)(A), (B).

"Since the governing trust agreement usually delegates broad powers and discretion to the trustees, it is conceivable that the exercise of such powers may involve important questions

of policy or judgment on which union and employer trustees may well differ." *Associated Contractors of Essex County, Inc. v. Laborers International Union of North America*, 559 F.2d 222, 226-27 (3d Cir. 1977) (internal quotations and citation omitted). "The requirement that employers and employees be equally represented in the joint administration of trust funds is thus central to the Congressional scheme set forth in section 302." *Id.* at 227.[2] "Any amendment to a trust fund agreement which even slightly restructures the representation of employers and employees in the fund administration must be carefully scrutinized," and the Court's task "is to examine the challenged amendments not only in their present form but, more importantly, as to their probable future effect." *Id. See also Master Insulators of St. Louis v. International Ass'n of Heat and Frost Insulators and Asbestos Workers*, 925 F.2d 1118, 1123 (8th Cir. 1991) (internal quotations and citations omitted) ("Section 302 is aimed primarily at the prevention of possible abuse and not at providing a remedy for abuse actually perpetrated.").[3]

As noted above, in their Motion to Dismiss Defendants assert that because the deadlocked motion seeks to eliminate the "equal representation" rule of Section 302(c)(5) of the LMRA, it is not an "ordinary" dispute over plan administration, but rather an "extraordinary" dispute which is not arbitrable under LMRA Section 302(c)(5). By way of explanation, Defendants note that the motion to allow the hiring of additional law firms to be paid for by Trust assets is not limited to a particular dispute, a special law firm expertise, or a conflict of interest of fund counsel already representing the Board of Trustees. (Defendants' Memo in

---

[2] "[I]ndeed…the essence of equal representation is that each side have veto power on any proposed action." *Associated Contractors of Essex County,* 559 F.2d at 227.
[3] "As any 'curative' form of legislation designed to eliminate past abuses and prevent future ones, § 302's prohibition combines an elimination of the then existing abuses with its future-looking 'prophylactic' purpose." *Costello v. Lipsitz*, 547 F.2d 1267, 1272-73 (5th Cir.) (citations omitted), *cert. denied* 434 U.S. 829 (1977). "To retain this preventive effect against the onslaught of creative devices to avoid § 302's application, this Court has recognized that strict compliance with the rigid structure of § 302 is necessary." *Id.*

Support, P. 3). Instead, Defendants assert the proposed motion would "forever free[] the decisions of each faction to select and retain their own law firms at the expense of the Welfare Fund without compliance with the mandatory safeguard of equal representation which is a requirement of LMRA Section 302(c)(5)." *Id.* Defendants thus maintain Plaintiffs' motion is unprecedented, and represents "an extraordinary attempt to strip the LMRA's equal representation rule out of the administration of the Welfare Fund with respect to each faction's use of legal services." *Id.*

In their response to Defendants' motion, Plaintiffs assert the motion at issue is not extraordinary, because it deals with trust administration and actions that are within the powers of the Trustees. (Plaintiffs' Opp., PP. 7-8). In support of this contention, Plaintiffs note that Section 6.15(A) of the Trust Agreement expressly permits the trustees to allocate specific trustee responsibilities to one or more Trustee, and Section 6.15(C) makes clear that Trustees possess the authority to employ or contract with attorneys. (*Id.*). Plaintiffs continue to assert the deadlocked motion does not eliminate equal representation with respect to legal services, because both groups of Trustees are given the same authority to retain counsel, and the full Board of Trustees retains the ultimate ability to disapprove of fees for any counsel retained. (*Id.*, PP. 9-11).

In deciding Defendants' motion, the Court notes that the starting point for its analysis "must be the candid recognition that the relationship between employer and employee trustees of an employee benefit trust fund is quasi-adversarial in nature." *Associated Contractors of Essex County*, 559 F.2d at 227-28. "Insofar as it is consistent with their fiduciary obligations, employer trustees are expected to advance the interests of the employer while employee trustees

are expected to further the concerns of the union in the ongoing collective bargaining process between them." *Id.* at 228 (citations omitted).

As noted above, "[o]ne of the mandates of § 302(c)(5)(B) is that there be equal representation by employers and employees in the administration of the trust fund." *Costello*, 547 F.2d at 1277 (citing 29 U.S.C. § 186(c)(5)(B)). "Knowing that § 302 requires equal representation, remembering that the purpose of § 302 is, at the least partially, to prevent abuses not requiring that one actually occur, and being aware of the infinite creativity of mankind to circumvent such statutory schemes," the Court concludes that the modification contained in Plaintiffs' proposed motion is invalid under the equal representation clause of § 302(c)(5). *Id.* at 1277-78. In other words, the Court finds that permitting the Employer Trustees and Union Trustees each to select their own legal counsel, and indefinitely to incur fees to be paid by the Trust Fund, would endanger the delicate balance between the groups and destroy the effectiveness of Congress's safeguard.[4] In its current form, without limitation as to scope or duration, the motion at issue here would permit the Employer Trustees unfettered access to funds meant for the benefit of employees.[5] *See Id.* at 1278 (recognizing that even absent current allegations of impropriety, "[t]here are subtle forces that have often tempted the most honorable among us. It is the preventive aspect of § 302 which recognizes the frailty inherent in mankind and seeks to avert these temptations by specifying a rigid structure before…any trust fund[] is exempted from its prohibitions."). The Court finds the possible dissipation of Trust Fund assets

---

[4] The unrestricted nature of Plaintiffs' motion distinguishes this case from *Geigle v. Flacke*, 768 F.2d 259 (8th Cir. 1985), in which the deadlocked dispute involved whether to adopt a one-time increase in benefit levels, and *Mahoney v. Fisher*, 277 F.2d 5 (2d Cir. 1960), in which the deadlocked dispute concerned a one-time payment of $600 to an insurance expert.

[5] The Court agrees with Plaintiffs that merely permitting the full Board to "stiff" a law firm for services already contracted for and provided does not provide the Employee Trustees effective veto power. (*See* Defendants' Reply Brief, PP. 4-5).

renders the proposed action "extraordinary", and thus not subject to arbitration. Defendants' Motion to Dismiss will therefore be granted.[6]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 26) is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th Day of March, 2020.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[6] In light of the above ruling, the Court need not consider Defendants' assertion that the motion at issue violates ERISA fiduciary rules of prudence and rules on the delegation of authority.